IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: )
) CASE NO. BK09-81458-TJM
M & M MARKETING, L.L.C., and )
PREMIER FIGHTER, L.L.C., ) CHAPTER 7 (involuntary)
)
Debtor(s). )

ORDER

This matter is before the court on the petitioning creditors' objection to the claim of Abante, L.L.C. (Fil. No. 140) and resistance by Abante, L.L.C. (Fil. No. 149). W. Patrick Betterman appeared for the Chapter 7 trustee; David Skalka appeared for the petitioning creditors; and John Fowles appeared for Abante, L.L.C.

The objection is overruled.

M & M Marketing, L.L.C., and Premier Fighter, L.L.C., were entities involved in promoting certain events, including mixed martial arts events, and selling merchandise related to those events. They were owned by Matthew Anselmo. Creditors Jerry and Cheryl Cronk, Jerome and Coleen Langdon, and Phillip and Lorraine Cronk filed an involuntary Chapter 7 petition to put the businesses into bankruptcy in June 2009. Abante, L.L.C., filed a proof of claim against each debtor in the amount of $476,500.00 based on a promissory note executed on July 29, 2008, by Mr. Anselmo, in which Premier Fighter promised to pay Abante Marketing, LLC, $240,000.00, with 100 percent interest, on or before October 12, 2008.

The Cronk & Langdon creditors object to the claim, arguing that it cannot be a legitimate debt of Premier Fighter. First, Mr. Anselmo had purportedly turned over all of the debtors' assets to creditor Michael Blumenthal by executing a document entitled "Disclaimer of Interest"[1] on June 27, 2008, a month before the Abante promissory note was executed, so Mr. Anselmo had no authority to enter into contracts on behalf of Premier Fighter at that time. Second, there is no entity called

---

[1] That document states in its entirety:

> I, Matthew H. Anselmo, as the sole owner and manager of M & M Marketing L.L.C. and Premier Fighter L.L.C. (both Nebraska Limited Liability Companies) hereby disclaim in my personal and corporate capacities, any interest in either company's assets, tangible or intangible, effective June 25, 2008. As the sole owner and manager of each company, I have transferred all of the assets of each company, both tangible and intangible to Michael Blumenthal and Frank Vicari. I have retained no right to and no longer have any affiliation with Premier Fighter branded products.

Ex. AZ (Fil. No.128-34) in Adv. Proc. No. 11-8033 -TJM.

"Abante Marketing, LLC." Third, the funds from Abante did not go to Premier Fighter, but instead were distributed to Mr. Anselmo personally and to a creditor of Premier Fighter.

In response, Abante asserts first that it does business as "Abante Marketing," so the promissory note's reference to "Abante Marketing, L.L.C." is not legally significant. It also argues that the disclaimer of interest simply transferred Premier Fighter's assets but had no effect on the existence of the corporate entity. Third, with regard to the transfer of the funds to recipients other than Premier Fighter, Abante explains that it sued the creditor who received half of the money, but has been unsuccessful thus far, although the matter is currently on appeal to the Nebraska Court of Appeals. Abante said it transferred the other half of the funds to a bank account at Mr. Anselmo's direction, believing him to be acting in his capacity as owner of Premier Fighter.

The allowance of claims is governed by 11 U.S.C. § 502[2]:

---

[2]That section states, in relevant part:

Sec. 502. Allowance of claims or interests
    (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
    (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
        (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
        (2) such claim is for unmatured interest;
        (3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;
        (4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
        (5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;
        (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds –
            (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of –
                (i) the date of the filing of the petition; and

(continued...)

A creditor of the debtor may file a proof of claim. *See* 11 U.S.C. § 501(a). Bankruptcy Code § 502(a) explains that "[a] claim . . . proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When an objection to the claim has been filed, the court is charged with determining the amount of the claim as of the petition date and it shall allow the claim in such amount unless the exceptions listed in Bankruptcy Code § 502(b)(1) through (9) apply. *See* 11 U.S.C. § 502(b)(1)–(9).

A proof of claim that is filed in accordance with the Federal Rules of Bankruptcy Procedure is "prima facie evidence of the validity and the amount of the claim." Fed. R. Bankr. P. 3001(f). To overcome a claim's presumptive validity, an objection must be supported by substantial evidence. *McDaniel v. Riverside Cnty. Dep't of Child Support Servs. (In re McDaniel)*, 264 B.R. 531, 533 (8th Cir. B.A.P. 2001); *Consumers Realty & Dev. Co, Inc. v. Goetze (In re Consumer Realty & Dev. Co., Inc.)*, 238 B.R. 418, (8th Cir. B.A.P. 1999) (party objecting to proof of claim must produce evidence to overcome prima facie validity). The claimant must provide

---

²(...continued)
          (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
          (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;
     (7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds –
          (A) the compensation provided by such contract, without acceleration, for one year following the earlier of –
              (i) the date of the filing of the petition; or
              (ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus
          (B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;
     (8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or
     (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

additional evidence of the claim's validity if the party objecting to the claim rebuts its presumptive validity. *Gran v. I.R.S. (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992).

Sears v. Sears (In re AFY, Inc.), 463 B.R. 483, 488 (B.A.P. 8th Cir. 2012).

Here, the Cronk & Langdon creditors are asserting that Abante's claim is unenforceable against the debtor and should be disallowed under § 502(b)(1). The real issue is the late June 2008 disclaimer of interest and asset transfer agreement between Mr. Anselmo on behalf of Premier Fighter and Mr. Blumenthal. Those documents purport to transfer substantially all of Premier Fighter's assets to Mr. Blumenthal and another creditor, Dr. Frank Vicari. The listed assets include leased real property, all personal property, inventory, contracts, computer software, sales and promotional literature, trademarks, product designs, business records, notes, accounts receivable, licenses, cash, and general intangibles. The agreement includes a non-solicitation clause to prevent Mr. Anselmo and M & M Marketing from engaging "in the same or any similar business" as Premier Fighter until the debt to Mr. Blumenthal and Dr. Vicari had been paid in full.

Despite these provisions, Mr. Anselmo continued to operate Premier Fighter for several months. He stated in a deposition that Mr. Blumenthal wanted him to continue to operate the business while Mr. Blumenthal attempted to find a buyer for it. Under these circumstances, it was not unreasonable for Abante's principals to believe, when asked by Mr. Anselmo for a $240,000 loan in late July 2008 to facilitate the fulfillment of a merchandise order, that he was acting on behalf of Premier Fighter for a legitimate business purpose. Only later did it come to Abante's attention that the $120,000 it wired to MMAStop was to pay down a loan, rather than to fund the printing of an order of tee-shirts.

Mr. Anselmo also testified in his deposition that a portion of the $120,000 deposited in his personal bank account was used for Premier Fighter's operating expenses, such as employee wages and utility bills. The petitioning creditors do not dispute this.

Accordingly, Abante's claim is enforceable, at least in part, and the objection should be overruled. Counsel for the bankruptcy trustee stated at the hearing on this matter that he was willing to accept Abante's claim in the amount of $151,900. This seems to be a reasonable compromise given the difficulty of unraveling the financial chicanery engineered by Mr. Anselmo.

IT IS ORDERED: The Cronk & Langdon objection to the claim of Abante, L.L.C. (Fil. No. 140) is overruled. The claim is allowed in the amount of $151,900.

DATED:   July 30, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    W. Patrick Betterman
    Lindsay E. Pedersen
    *David Skalka
    John Fowles
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.